FILED
2011 Jan-25  AM 08:30
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **ALTON HAMBY,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-10-S-626-J** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Alton Hamby commenced this action on March 24, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying his claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ failed to consider his vision impairments to be "severe" under the meaning of the Social Security Act, failed to consider claimant's vision impairments in combination with other impairments when determining his ability to perform work activities, failed to fully and fairly develop the administrative record by neglecting to obtain additional medical evidence regarding claimant's vision impairments, failed to include claimant's vision impairments in his hypothetical question to the vocational expert, and failed to properly consider claimant's subjective complaints of disabling pain.  Upon review of the record, the court concludes these contentions are without merit.

First, the court concludes that the ALJ properly considered claimant's vision impairments.  During the administrative hearing, claimant testified that he has poor eyesight as a result of weakened muscles in both eyes.  He wears glasses, but he is not sure whether they actually help his vision.  He is able to drive, but it is more difficult for him to see at night, and sometimes his eyes cross and his vision blurs.  He has hurt his finger on a couple of past occasions because he could not see well enough to

know when he needed to move the finger out of the way of moving machinery.[1]  Also, when claimant was working as a welder, he had difficulty seeing the weld stream.[2] Claimant stated that his vision was 20/50 in the right eye and 20/30 in the left eye.[3] The medical evidence corroborates claimant's statement, but also demonstrates that claimant's vision is only less than perfect *when he is not wearing glasses.*  Following a June 9, 2004 examination, Dr. Felton Perry, Jr. of the East Walker Eye Clinic found that claimant's "best correctable" vision would be 20/40 in the right eye, 20/15 in the left eye, and 20/15 in both eyes.[4]  Dr. Perry assessed claimant with esotropia (crossed eyes with double vision),[5] amblyopia (impaired vision),[6] and farsightedness and astigmatism[7] in both eyes, but also noted that claimant's overall eye health was good, and his peripheral and color vision both were normal.[8]

---

[1]Tr. at 382-88.

[2]Tr. at 393-94.

[3]Tr. at 383.

[4]Tr. at 91.

[5]One medical dictionary defines "esotropia" as a "strabismus in which there is manifest deviation of the visual axis of an eye toward that of the other eye, resulting in diplopia." *Dorland's Illustrated Medical Dictionary* 644 (30th ed. 2003).  A "strabismus" is a "deviation of the eye which the patient cannot overcome." *Id.* at 1766.  "Diplopia" is "the perception of two images of a single object." *Id.* at 525.

[6]"Amblyopia" is defined as an "impairment of vision without detectable organic lesion of the eye." *Dorland's Illustrated Medical Dictionary* 57 (30th ed. 2003).

[7]"Astigmatism" is "unequal curvature of the refractive surfaces of the eye; hence a point source of light cannot be brought to a point focus on the retina but is spread over a more or less diffuse area." *Dorland's Illustrated Medical Dictionary* 168 (30th ed. 2003).

[8]Tr. at 91.

The ALJ did not consider claimant's visual impairments to be "severe" according to the Social Security Act because they are "well controlled through treatment and medication."[9]  This decision was in accordance with Social Security regulations, which define a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  The medical records reflect that claimant's visual impairments did not cause any significant functional limitations.  Claimant complained of double vision, blurred vision, crossed eyes, and limited nighttime vision, and his optometrist also noted those impairments.  Even so, the optometrist stated that claimant had good overall eye health and could see better than 20/20 with the assistance of corrective lenses.  Thus, there is no medical evidence to support any significant functional limitations as a result of claimant's visual impairments, and the ALJ was justified in considering the impairments to be non-severe.

Because claimant's visual impairments do not have any significant impact on his ability to perform work-related activities, the ALJ did not err in failing to consider the visual impairments in conjunction with other impairments, or by failing to include visual impairments in his hypothetical question to the ALJ.  Social Security regulations state the following with regard to the Commissioner's duty in evaluating

---

[9]Tr. at 18.

multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 1523.  *See also* 20 C.F.R.  §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).  Here, a review of the ALJ's decision as a whole reveals that the ALJ considered all of claimant's impairments in combination when assessing claimant's functional limitations.  The ALJ specifically discussed claimant's testimony about his visual impairments, and he noted the records from Dr. Perry that reflected full correctable vision of 20/15.  The ALJ then found that claimant did not have an impairment *or combination of impairments* that met or medically equaled one of the listed impairments.[10]  That statement is sufficient to indicate that the ALJ properly considered *all* of claimant's

---

[10]Tr. at 18.

impairments, including vision problems.  *See Wilson v. Barnhart,* 284 F.3d 1219,

1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services,* 941 F.2d 1529,

1533 (11th Cir. 1991). Furthermore, the court finds that, even if the ALJ had given

further consideration to whether claimant's visual impairments, there would have

been no effect on the administrative decision, because claimant's visual impairments

did not impose any significant functional limitations.  Similarly, because claimant's

visual impairments did not impose any significant functional limitations, it was not

necessary for the ALJ to specifically mention claimant's visual impairments in his

hypothetical question to the vocational expert.[11]

The court also finds that the ALJ did not err by failing to develop the

administrative record when he did not order an additional consultative examination

to assess claimant's visual limitations.  A claimant bears the ultimate burden of

producing evidence to support her disability claim.  *See Ellison v. Barnhart,* 355 F.3d

1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)).  Even so, the ALJ

> has an obligation to develop a full and fair record, even if the claimant
> is represented by counsel.  *Cowart v. Schweiker,* 662 F.2d 731, 735

---

[11]The court notes that, even though the ALJ did not specifically mention any visual impairments in his hypothetical question to the vocational expert, he did state that the hypothetical individual in question would not be able to work around moving machinery. Tr. at 411.  A review of the administrative hearing testimony reveals that the ALJ most likely included the restriction about machinery because of claimant's complaints of visual impairments. *See* Tr. at 385 ("All right, well, let's say, say you didn't need to be working around dangerous machinery.  If you stayed away from dangerous machinery, then what problems would your eyes cause you?").

6

> (11th Cir. 1981).   The ALJ is not required to seek additional
> independent expert medical testimony before making a disability
> determination *if the record is sufficient and additional expert testimony*
> *is not necessary for an informed decision.  Wilson v. Apfel,* 179 F.3d
> 1276, 1278 (11th Cir. 1999) (holding the record, which included the
> opinion of several physicians, was sufficient for the ALJ to arrive at a
> decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988)
> (holding the ALJ must order a consultative exam when it is necessary
> for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied).

The court concludes that the record in this case was sufficient to give substantial

support to the ALJ's decision, and there was nothing to indicate to the ALJ that he

should order an additional evaluation of claimant's visual limitations.

Finally, the court concludes that the ALJ properly considered claimant's

subjective complaints of pain.  To demonstrate that pain renders him disabled,

claimant must "produce 'evidence of an underlying medical condition and (1)

objective medical evidence that confirms the severity of the alleged pain arising from

that condition or (2) that the objectively determined medical condition is of such

severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards*

*v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d

1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he

must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011

(11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986);

*MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).  Furthermore, once an ALJ determines whether the pain standard has been met, he can move forward to consider claimant's complaints are credible in light of the substantial evidence of record.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

Claimant testified that he experiences foot pain from a bone spur that is unbearable when it flairs up;[12] pain from arthritis in his back, neck, hip, and knee; and carpal tunnel syndrome in both wrists.[13]  As a result, he has trouble gripping objects for a long period of time,[14] and he experiences pain on a level of seven to nine on a ten-point scale.[15]  With pain medication, the pain decreases to a level six.[16]

The ALJ found that claimant's medically determinable impairments could reasonably be expected to cause some of the symptoms he alleged, but nonetheless concluded that claimant's statements concerning the intensity, persistence and limiting effect of his symptoms were not credible to the extent they were inconsistent

---

[12]Tr. at 381-82.

[13]Tr. at 388-89.

[14]Tr. at 392, 395.

[15]Tr. at 396.

[16]Tr. at 397.

with a residual functional capacity to perform a limited range of light work.[17] Specifically, the ALJ noted that the objective medical evidence, including x-ray reports and clinical examination findings, indicated no significant abnormalities or functional limitations, and that any conditions claimant did suffer were well controlled with medication or other treatment.  The ALJ also found that claimant's subjective complaints were inconsistent with the great weight of the medical findings of record, including those submitted by both treating and examining sources.  These conclusions are in accordance with applicable law and are supported by substantial evidence of record.

In summary, the court finds that the decision of the Commissioner was in accordance with applicable law and supported by substantial evidence.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 25th day of January, 2011.

_____
United States District Judge

---

[17]Tr. at 21.